UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARCHELLI ENTERPRISE INC.,

    Plaintiff,

v.                                          Case No.:  2:24-cv-961-SPC-KCD

SCOTTSDALE INSURANCE
COMPANY,

    Defendant.
                              /

## ORDER

Before the Court is Defendant Scottsdale Insurance Company's Motion to Stay Litigation and Compel Appraisal. (Doc. 9.)[1] No opposition has been filed, and the time to do so passed. The Court thus treats the motion as unopposed. *See* Local Rule 3.01(c). For the reasons below, the motion is granted.

### I. Background

This is an insurance dispute stemming from Hurricane Ian. (Doc. 3.) Plaintiff alleges Scottsdale breached their insurance agreement when it refused to pay the full damages claimed from the storm. (*Id.* at 2.) Scottsdale now moves to compel appraisal under the policy, which provides:

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

**E. LOSS CONDITIONS**

…

2. Appraisal

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and

2. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

(Doc. 9 at 3.)

## II. Discussion

Appraisal is a form of alternative dispute resolution that sets a disputed loss amount. *See State Farm Fla. Ins. Co. v. Crispin*, 290 So. 3d 150, 151 (Fla. Dist. Ct. App. 2020). When an insurance policy has an appraisal provision, like here, "the right to appraisal is not permissive but is instead mandatory, so once a demand for appraisal is made, 'neither party has the right to deny that demand.'" *McGowan v. First Acceptance Ins. Co., Inc.*, 411 F. Supp. 3d 1293, 1296 (M.D. Fla. 2019) (quoting *United Cmty. Ins. Co. v. Lewis*, 642 So. 2d 59, 60 (Fla. Dist. Ct. App. 1994)).

Appraisal is strongly preferred. *See Breakwater Commons Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-CV-31-JLB-NPM, 2021 WL 1214888, at *2 (M.D. Fla. Mar. 31, 2021). And like other stipulations about dispute resolution, this Court enforces contractual appraisal provisions by non-dispositive order. *See Positano Place at Naples II Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-cv-181-SPC-MRM, 2022 WL 714809, *2 (M.D. Fla. Mar. 10, 2022).

The parties agree Hurricane Ian damaged Plaintiffs' residence, but they dispute the extent of damage covered by the policy. (Doc. 9 at 2-3.) "[B]ecause there is no dispute that at least some of the damage to the property is covered under the policy, the remaining dispute about the scope of the damage is appropriate for appraisal." *Cronin v. Clear Blue Specialty Ins. Co.*, No. 2:24-CV-31-JLB-KCD, 2024 WL 991829, at *2 (M.D. Fla. Feb. 21, 2024).

There is an "overwhelming preference in Florida for the resolution of conflicts through any extra-judicial means . . . for which the parties have themselves contracted." *McGowan*, 411 F. Supp. 3d at 1296. Given this preference, and no facts showing waiver or any other reason to forego appraisal, the Court will grant Scottsdale's motion.

Scottsdale also asks to stay discovery during appraisal. (Doc. 9 at 8-9.) "A district court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Dover Place Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:22-CV-450-JLB-KCD, 2022 WL 18358924, at *2 (M.D.

3

Fla. Dec. 27, 2022). This Court routinely stays discovery when granting motions to compel appraisal. *Id.*; *Cronin*, 2024 WL 991829, at *3. And staying discovery is particularly appropriate here because "appraisal will resolve the amount-of-loss question and potentially resolve the parties' dispute." *Calusa Bay N. Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-CV-540-JLB-NPM, 2023 WL 3552033, at *5 (M.D. Fla. May 18, 2023). Thus, the case will be stayed. All deadlines and events in the Hurricane Ian Scheduling Order (Doc. 7) are suspended.

According, it is now **ORDERED**:

1. Defendant Scottsdale's Motion to Stay Litigation and Compel Appraisal (Doc. 9) is **GRANTED**.

2. This case is **STAYED** pending appraisal, and the Clerk must add a stay flag to the file and **ADMINISTRATIVELY CLOSE THE CASE**.

3. The parties are **DIRECTED** to file a joint report on the status of appraisal by **February 5, 2025**, and every ninety days after that until appraisal has ended.

4. Within 15 days of a signed appraisal award, the parties are **DIRECTED** to jointly notify the Court of (a) what issues, if any, remain for the Court to resolve; (b) whether the stay needs to be lifted; and (c) how this action should move forward.

     5.     The motion is denied to the extent it seeks any greater or different relief.

**ENTERED** in Fort Myers, Florida on November 7, 2024.

 

*/s/ Kyle C. Dudek*
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record